PER CURIAM.
Jack Cataldo appeals an order of the Florida Commission on Human Relations, which dismissed his discrimination claims against Daytona State College. Cataldo filed his complaint on September 21, 2011, alleging violations of the Florida Civil Rights Act of 1992, sections 760.01-760.11 and 509.092, Florida Statutes (2011) (“the Act”). Two hundred and forty days later, on May 17, 2012, the Commission issued its order dismissing Cataldo’s claims based upon its determination that Cataldo’s complaint failed to state a claim under the Act. Under a unique provision of the Act, this ostensibly adverse determination is actually treated as a favorable determination because it was not made within 180 days after Cataldo filed his claims. See § 760.11(8), Fla. Stat. (2011) (“In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.”). The general rule is that “an appeal may be prosecuted only from a *991 decree adverse to the appellant. Fountain v. City of Jacksonville, 447 So.2d 353, 354 (Fla. 1st DCA 1894) (citation omitted). Because the Commission’s belated dismissal has the same legal effect as a favorable determination, we see no basis for Cataldo to prosecute this appeal.
APPEAL DISMISSED.
LAWSON, JACOBUS and BERGER, JJ., concur.